147 So. 52

## NAEF v. MILLER–GOLL MFG. CO.

No. 31804.

Feb. 27, 1933.

Rehearing Denied March 27, 1933.

See, also, 174 La. 232, 140 So. 32; 175 La. 240, 143 So. 61.

F. B. Freeland and H. W. Robinson, both of New Orleans, for appellant.

A. D. Danziger, Daniel Wendling, and Albert B. Koorie, all of New Orleans, for appellee.

ODOM, Justice.

The only question involved in this appeal is whether the amount allowed by the trial court as fee for counsel and expenses is excessive.

The rule which this court follows for fixing fees of attorneys is to ascertain as nearly as possible the value of the services rendered and to fix the fees accordingly. In estimating the value of services rendered by attorneys in any case, we take into consideration the responsibility incurred, which involves a consideration of the importance of the litigation, as well as the amount involved, the extent and character of the labor performed, and the legal knowledge and attainments and skill of counsel. Peltier v. Succession of Thibodaux et al., 175 La. 1026, 144 So. 903, and authorities there cited.

Keeping in mind the above rule and considering the facts disclosed, we think the trial judge made no mistake in fixing the fees of counsel at the amount specified.

Mrs. Naef, who was a stockholder in the defendant corporation, attempted to throw it into the hands of a receiver. In the petition filed by her for that purpose, she was unspar-

ing in her attacks, not only on the officers of the corporation personally, but the acts and doings of the corporation as well. The petition contains twenty-seven paragraphs written on 7 typewritten pages. She alleges mismanagement, inefficiency, and flagrant violation of the charter on the part of the officers, as well as waste and misapplication of funds; that the officers are jeopardizing the rights of the stockholders and creditors; that Miller, the president, and Goll, the vice president, have assumed full control and are using the assets for their own personal benefit, to the exclusion of the stockholders; that no meetings of the stockholders have been held for a number of years, and that no minutes are kept of the meetings of the board of directors; that the corporation is losing money through the gross mismanagement of the said Miller and Goll; that said officers are taking for themselves from the assets of the corporation excessive and unjustified salaries; that they are using the funds of the corporation to help finance other corporations in which they are interested; that they have used the funds of the corporation to make loans without collateral to a relative of Mr. Goll, and have purchased property for said relative and charged the price thereof to the corporation; in fact, she made about as scathing charges of mismanagement and even corruption on the part of the officers as can be imagined.

The answer of defendant filed by these attorneys contains thirty-one paragraphs, and is written on ten pages. The trial of the case consumed two full days, during which 135 pages of testimony were taken.

The testimony shows that counsel did an enormous amount of work in their preparation of the defense, that they consulted with the officers of the corporation on many occasions both during the day and the night, and that it was necessary for them to investigate the affairs, transactions, and general conduct of the officers and their various acts and conduct with reference to the business carried on from 1913 down to the date on which the suit was filed. Many legal points were involved. Mrs. Naef was represented by able and astute counsel, who vigorously contested every point during trial of the case. The trial judge in his written opinion says that the trial was a strenuous one from its beginning to the end. The corporation owned assets amounting to something like $43,000, and was a going concern. Its future existence and welfare depended upon the outcome of the suit. The officers of the corporation, realizing the danger and the importance of the litigation, paid $500 as a retainer to special counsel. The attorneys representing the corporation handled the case with skill and ability, and were successful in defeating the attacks made upon it.

The case was appealed to this court, and counsel filed motion to dismiss the appeal, together with briefs. The motion to dismiss was sustained, and later a rehearing was granted, when counsel filed additional briefs. The motion to dismiss was finally sustained.

The attorneys gave testimony regarding the vast amount of work which they had done in the preparation for and during the trial of the case, and testified that the fees charged by them were not excessive. The trial and other proceedings had were before Judge Boatner, who says in his written opinion that the

services rendered were well worth $1,650, and he fixed that amount as their fee. We have gone through the record as made up on the trial of the case, and, in view of the vast amount of work·done by the attorneys, the testimony of the attorneys, and in view of the opinion of Judge Boatner, as to the value of the services, we find no occasion to disturb the judgment.

Mr. Kuntz was employed to make an audit and check the business transactions of the corporation over a period of several years in order to furnish information to counsel in the preparation for and the trial of the case, and for his services asked to be paid $250. The trial judge allowed him $100, which we think was not excessive.

For the reasons assigned, the judgment appealed from is affirmed, with all costs.

ST. PAUL, J., absent on account of illness, takes no part.